**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL W. PAULSON**, | : | |
| | : | Case No. 20-cv-3678-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **FRANCIS APPLAH, ET AL.,** | : | |
| | : | |
| *Defendants* | : | |

## MEMORANDUM

YOUNGE, J.                                                    JANUARY 14, 2021

## I.     INTRODUCTION

On July 23, 2020 Plaintiff Michael W. Paulson initiated the above-captioned civil rights
action pursuant to 42 U.S.C. § 1983 against Defendants Francis Applah, Terry Burke, Don Bees,
and R. Stancill.  ("Compl.," ECF No. 2.)  On September 9, 2020, the Court granted Plaintiff's
request to proceed *in forma pauperis*, and dismissed Defendants Burke, Bees, and Stancill
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (*See* ECF Nos. 4, 5.)  On October 16, 2020,
Defendant Applah filed a Motion to Dismiss.  ("Mot.," ECF No. 10.)  Plaintiff did not file a brief
in opposition within the prescribed period of time.  *See* L.R. 7.1(c) (requiring that a brief in
opposition be filed within fourteen days).  During the months of November and December 2020,
the Court issued multiple Orders directing Plaintiff to file a brief in opposition and granted him
extensions of time to do so *sua sponte*.  (*See* ECF Nos. 11, 12.)  The Court also advised Plaintiff
of his affirmative obligation to keep the Court informed of his current address.  (*See id*. (citing
L.R. 5.1(b).)  To date, Plaintiff has not filed a brief in opposition to the Motion to Dismiss or
responded to the Court's Orders.  Accordingly, the Court will deem Defendant's Motion to

Dismiss uncontested and will grant it pursuant to L.R. 7.1(c); additionally, the Court will *sua sponte* dismiss this action *without prejudice* pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1]

## II.    BACKGROUND

Plaintiff alleges that on July 1, 2019, while working in the kitchen, a kitchen supervisor, Francis Applah, entered the kitchen and began verbally harassing and threatening him, telling him to "get the fuck out" and stating that he would "fuck [Plaintiff] up." (Compl. at 9, 39, 43.)[2] Plaintiff surmises that Applah told him to get out because a different kitchen supervisor, Emmanuel Drapler, tried to fire Plaintiff on June 27, 2019 "for going to a visit as directed by a correctional officer."  (*Id*.)

On April 1, 2020, while Plaintiff was working in the officer dining room, Applah fired him "for no claimed reason whatsoever."  (*Id*. at 9, 23.)  When Plaintiff questioned why he was being fired, Applah became disrespectful and pointed his fingers in Plaintiff's face.  (*Id*.)  When Plaintiff left the dining room, Applah allegedly followed him and then Applah began yelling and cursing at Plaintiff.  (*Id*.)  When Plaintiff attempted to leave, Applah "put his hands on [Plaintiff] by grabbing [Plaintiff's] shirt, attempting to rip off [Plaintiff's] shirt and/or apron."  (*Id*.) Following this incident, Plaintiff reported Applah's misconduct to Lt. Moody.  (*Id*.)

On May 14, 2020, Plaintiff was collecting trash for his assigned kitchen sanitation job in the officer dining room when Applah entered the room and began yelling and cursing at Plaintiff. (*Id*. at 9-10, 23.)  Applah "yanked the trashbag out of [his] hand and yanked [his] other wrist off

---

[1] The Court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; *see also* L.R. 7.1(f).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

the bag." (*Id.* at 10, 23.)  Applah then grabbed Plaintiff's arms and hands before punching him in the face, causing Plaintiff's glasses to fall off of his face. (*Id.*)  Applah also "kneed" Plaintiff in the abdomen. (*Id.*)  Correctional officers, including R. Stancill, arrived, and Plaintiff was escorted back to his housing unit and given an inmate interview sheet. (*Id.*)  Plaintiff asserts that this was the second time Applah had assaulted him, and the third time Applah had verbally abused and threatened him. (*Id.* at 10.)

On May 15, 2020, after submitting an inmate interview sheet, Plaintiff was served with a "write up" by Stancill, charging him with five violations. (*Id.*)  Stancill also told Plaintiff that he was officially fired and collected Plaintiff's shirt and badge. (*Id.* at 11, 14.)  Plaintiff contends that he was disciplined without having "a hearing and disciplinary sanction." (*Id.*)  Later that day, while he was in the unit manager's office, Applah entered the office and started cursing at Plaintiff. (*Id.* at 11.)  Applah called him a "pussy" and told him that he was "going to fuck [Plaintiff] up." (*Id.*)  Plaintiff filed another inmate interview sheet. (*Id.*)  Plaintiff avers that Applah verbally assaulted him again on May 27, 2020. (*Id.* at 10-11, 19.)

Plaintiff asserts that Applah has created an unpleasant and hostile environment, and he has suffered psychological damage as a result of the verbal and physical abuse. (*Id.* at 11.)  Plaintiff requested to see "psyc," and he was seen on June 11, 2020. (*Id.*)  Plaintiff submitted another medical request slip on June 18, 2020. (*Id.* at 11, 16.)

Plaintiff avers that the verbal harassment and assault by Applah has caused him "to be in a state of mental distress" and he suffers from "anxiety, depression, and PTSD." (*Id.* at 3.)  Plaintiff also avers that he has not received any medical treatment despite his filing of a medical request slip on June 18, 2020 wherein he requested an appointment with "psyc" as a result of "being verbally harassed and assaulted by Francis Applah." (*Id.*)  Based on the foregoing

3

allegations, Plaintiff is seeking the following relief: (1) termination of Applah's employment; (2) lost wages in the amount of $1,974.00; and (3) punitive damages in the amount of $19,740.  (Id. at 5-6.)

### III.    PROCEDURAL HISTORY

Plaintiff filed his Complaint on July 23, 2020.  (*See* Compl.)  On September 9, 2020, the Court dismissed the claims asserted against Defendants Burke, Bees, and Stancill, but allowed Plaintiff to proceed forward on his excessive force claim against Defendant Applah.  (*See* ECF No. 4.)  As part of that Order, the Court reminded Plaintiff that the "Federal Rules of Civil Procedure and Local Rules are to be followed.  [Plaintiff] is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal."  (ECF No. 5 ¶ 9.)  The Court further reminded Plaintiff that the "parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights."  (*Id*. ¶ 13.)

On October 16, 2020, Applah filed the instant Motion to Dismiss.  (*See* Mot.)  The fourteen day deadline to file an opposition brief passed and Plaintiff did not file a brief in opposition.  On November 2, 2020, the Court issued an Order specifically directing Plaintiff to file a brief in opposition and advising him that his claim against Defendant Applah may be dismissed if he failed to respond by December 2, 2020.  (*See* ECF No. 11 ("Plaintiff is also advised that failure to file a brief in opposition may result in Defendant's Motion being deemed unopposed or the dismissal of this case.".)  With no opposition brief timely filed, the Court *sua sponte* extended the deadline to do so once more—with a final deadline of January 11, 2020. (*See* ECF No. 12.)  The Court further reminded Plaintiff of his obligation to update the Court

with his current mailing address.  (*See id*.)  Plaintiff did not file a brief in opposition or update his mailing address.

## IV.    LEGAL STANDARD

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id*. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).  The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## V.   DISCUSSION

### A.   Defendant's Motion to Dismiss is Deemed Uncontested and Granted Pursuant to Local Rule 7.1(c)

Local Rule 7.1(c) imposes an affirmative duty on a litigant to respond to motions and provides that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the motion may be granted as uncontested[.]"  L.R. 7.1(c).  When the Court granted Plaintiff's request to proceed *in forma pauperis*, the Court advised Plaintiff of his obligation to comply with Local Civil Rule 7.1(c) (*see* ECF No. 5 ¶ 9), and furthermore, this Court issued two additional Orders directing Plaintiff to file a brief in opposition (*see* ECF Nos. 11-12).

Despite this Court's repeated warnings that failure to file a brief in opposition may be construed as Plaintiff abandoning his case, Plaintiff still has not complied with Local Rule 7.1(c) or this Court's Orders to respond accordingly.  Therefore, the Court is compelled to find that Plaintiff does not oppose the Motion to Dismiss, thus, the Court grants the motion as uncontested.[3]  *See Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 (E.D. Pa. 1981) (failure to make a timely response allows the court to treat a motion as uncontested); *see also Miller v. Tucker*, Civil No. 19-cv-5670, 2020 WL 4924538, at *1-4 (E.D. Pa. Aug. 21, 2020) (granting

_____

[3] Mindful of Plaintiff's *pro se* status, the Court will nevertheless discuss the *Poulis* factors as set forth in Section V.B.  *See Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) ("We have long recognized the policy of law which favors disposition of litigation on the merits.  Thus, we have held that District Courts may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint solely on the basis of a local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Rule 12(b)(6). That is because such a dismissal is not really a dismissal for failure to state a claim but is instead a sanction.  And before District Courts take a drastic step of dismissing a complaint as a sanction, they generally must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).") (internal quotation marks and citations omitted).

motion to dismiss as unopposed in *pro se* matter); *Sorrells v. Phila. Police Dep't*, Civil No. 15-5558, 2016 WL 7650648, at *1 (E.D. Pa. Jan. 26, 2016) (granting motion to dismiss as uncontested and dismissing the complaint in its entirety with prejudice), *aff'd*, 652 F. App'x 81, 83 (3d Cir. 2016).

**B.      This Action is Dismissed Pursuant to Federal Rule of Civil Procedure 41(b)**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *see also Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the United States Supreme Court has held that Rule 41(b) allows for *sua sponte* dismissals in the context of a failure to prosecute).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion.  *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).  That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors.  *See Poulis*, 747 F.2d at 868.  As our Court of Appeals has stated:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis*, 747 F.2d at 868.)  As discussed below, the Court finds that four of the six factors weigh in favor of dismissal.

As to the first *Poulis* factor, the Court notes that throughout the entirety of this action Plaintiff has proceeded *pro se* and his failure to comply with the Court's Orders is attributable only to him.  *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (stating *pro se* plaintiff is responsible for his or her own failure to comply with court orders); *see also Warren v. Northampton Cty.*, Civil No. 16-1089, 2019 WL 588737, at *4 (E.D. Pa. Feb. 12, 2019) (concluding a *pro se* plaintiff's personal responsibility for failure to comply with court orders weighed in favor of dismissal).  As to the second factor, Defendant has experienced some prejudice because the Court has delayed ruling on the Motion to Dismiss, and furthermore, this case has been prolonged awaiting Plaintiff's compliance and Defendant has been unable to proceed to discovery.  *Warren*, 2019 WL 588737, at *4 (finding plaintiff's failure to submit change of address, participate in discovery, or otherwise communicate with the court weighed in favor of dismissal).  As to the third factor, Plaintiff's history of dilatoriness includes his failure to comply with two Court Orders directing him to file a response brief and to file an updated change of address if necessary.  (*See* ECF Nos. 11-12); *see also Drayton v. Spotts*, Civil No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (noting plaintiff's failure to comply with two court directives indicated a history of dilatoriness weighing in favor of dismissal); *see also*, *e.g.*, *Thomas v. City of Phila.*, Civil No. 19-90, 2020 WL 586993, at *2 (E.D. Pa. Feb. 6, 2020) (dismissing *pro se* action noting that although Plaintiff "has been released from custody, he has not provided the court or [defendant] with any information regarding how to communicate with him for purposes of this case."); *Jones v. Thomas*, Civil No. 15-1388, 2020 WL 599833, at *2 (M.D. Pa. Feb. 7, 2020) (dismissing action and noting that plaintiff was no longer in custody,

failed to comply with the court's mailing address requirements, and that because the court "has no means to communicate with plaintiff . . . [i]t is reasonable to conclude that [plaintiff] has abandoned his lawsuit."). As to the fourth factor, the Court finds that there is no evidence that Plaintiff's conduct is willful to the extent it warrants this factor weighing in favor of dismissal. *See Briscoe*, 538 F.3d at 262 (noting that willfulness involves intentional, self-serving behavior that is "characterized as flagrant bad faith"). The fifth factor weighs in favor of dismissal because this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available because Plaintiff appears *pro se* and *in forma pauperis*. *See id*. at 262-63 (stating alternative sanctions unavailable where plaintiff proceeded *pro se*, *in forma pauperis*, and was incarcerated). Lastly, the Court finds the remaining sixth factor neutral. The Court can only determine the merit's of Plaintiff's § 1983 claim through the allegations in his Complaint, and, without discovery, it is unclear whether Plaintiff's claim against Applah would survive summary judgment. *See Drayton*, 2019 WL 5167011, at *3 (noting the merits factor was neutral because based on the complaint the claim was facially meritorious but there was no evidence of plaintiff's ability to meet his burden at summary judgment); *see Thomas*, 2020 WL 586993, at *3 (same); *see also Miller*, 2020 WL 4924538, at *3 (same). As such, this factor weighs neither for nor against dismissal.

The Court is mindful that "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because Plaintiff's failure to comply with the Court's Orders have stalled the adjudication of this case and prejudiced Defendant Applah in his preparation of a defense, the *Poulis* factors weigh in favor of dismissal.

**VI.**     **CONCLUSION**

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss as unopposed pursuant to Local Rule 7.1(c), and will *sua sponte* dismiss this action *without prejudice* pursuant to Federal Rule of Civil Procedure 41(b).  An appropriate Order will follow.

**IT IS SO ORDERED.**

                                             **BY THE COURT:**

                                              /s/ John Milton Younge_____
                                             **Judge John Milton Younge**